JEREMIAH ALLEN *v.* FRANCIS T. SEAVER.

*Writ of Review.*　*Pleading.*　*Trustee Process.*　*Statute.*

Under the provisions of chapter 31 of the General Statutes, relating to absent defendant and writ of review, a writ of review can legally be had in a case where the suit, in which the judgment sought to be reviewed was rendered, was commenced by the trustee process.

Suits brought by a collector of taxes according to the provisions of the statute to collect a tax by means of the trustee process, come within the provisions of the act giving the writ of review.

It is no ground for dismissing a writ of review suit, wherein a judgment in a trustee suit is sought to be reviewed, that the writ did not allege what the judgment was in respect to the trustee.

WRIT OF REVIEW commenced before a magistrate. The original judgment, which is sought to be reviewed, was affirmed on the hearing before the justice, and judgment was rendered for the plaintiff in this suit and the defendant appealed. The facts set forth in the writ are stated in the opinion of the court. At the December Term, 1865, the defendant moved to dismiss the suit on the grounds, (1) because it did not appear from the writ of review that the trustee ever appeared, and disclosed, or was adjudged trustee ; (2) that the writ of review does not apply to trustee process ; (3) because the proceedings of a collector of taxes in collecting a tax, cannot be reviewed by a writ of review. The motion was overruled and the defendant excepted. After the motion was overruled, judgment was entered, *pro forma*, for the plaintiff by the agreement of parties. MARCY, J., presiding.

*French & Johnson*, for the plaintiff.

*Norman Paul*, for the defendant.

I. A writ of review will be dismissed on motion, if it does not appear from the writ itself, *what the judgment was as regards all the parties to the original suit*, whether defendants or trustees.

II. The writ of review will not lie in any case, except those specially pointed out by statute. *Marvin* v. *Wilkins*, 1 Aiken, 107.

III. There is no provision in the trustee act, as it now exists, to vacate a judgment rendered according to its provisions, by a writ of review. G. S. ch. 34.

IV. Taxation is one of the incidents of citizenship, the imposing of a tribute or title due from every individual for the protection he

receives both for his person and property. The statutes regulating the assessment and collection of taxes are specific and independent, having no relation to any other acts in our statute books, and no analogy to the collection of demands in the ordinary process of law. Acts of 1859 p. 37; G. S. p. 534.

The opinion of the court was delivered by

PIERPOINT, CH. J. This is a writ of review, based on the provisions of the statutes of this State, and the questions for our consideration arise upon a motion made in the court below to dismiss the proceedings.

It appears that Seaver, the defendant, was constable and collector of the town of Pomfret, and as such collector held a rate bill and warrant for the collection of taxes, and therein was assessed (among others) a tax against the said Allen, the plaintiff, and which it was the duty of the said defendant to collect; the said Allen at the time not being a resident of this state, and having neglected to pay the said tax, and not having known personal property in this state sufficient to satisfy such tax. The defendant, Seaver, according to the provisions of the 34th section of the 84th chapter of the General Statutes, brought, in his own name, a trustee suit against the said Allen, founded upon said tax, and summoned one Alonzo Snow, of said Pomfret, as the trustee of said Allen. ' Such proceedings were had therein that a judgment was rendered against the said Allen, by default and without notice, for the amount of said tax and costs, and a judgment against the said Snow, as trustee, for the same amount, which was subsequently collected of the said Snow. After the rendition of said judgment and before taking out an execution thereon, the said Seaver, the plaintiff in that suit, entered into a recognizance with surety in double the amount of such judgment, to refund to the said Allen such sum not exceeding the amount of debt or damages in such judgment, as should be recovered by writ of review, according to the provisions of the 31st chapter of the General Statutes relating to " absent defendant and writ of review." And it is upon such pro_ ceedings in that suit, and the provisions of such statute, that this writ of review is based.

It is urged in support of the motion to dismiss, that no writ of review can legally be had in any case, where the suit in which the judg-

ment sought to be reviewed was rendered, was commenced by the trustee process, so called, and as showing the correctness of this position reference is made to the 34th chapter of the General Statutes, relating to " proceedings against trustees," which contains no provision for a writ of review, which it is claimed would have been inserted in this act, if the legislature had intended to give the right in such cases, and that the omission cannot be supplied by relation back to the 31st chapter, which provides for a writ of this character in certain cases. Chapter 34, commonly called the trustee act, does not profess to give the entire mode of procedure as between the plaintiff and the defendant by which the plaintiff obtains a judgment against the principal debtor, but only so far as a change from the ordinary mode of proceeding, as between plaintiff and defendant, is made necessary by the fact that there is a trustee also to be proceeded against. Section 8 of said chapter provides that the writ in such cases shall issue like other original writs in civil causes, and shall authorize the attachment of the goods and chattels or estate of the principal defendant in his own hands, and also any goods, effects, or credits in the hands of the trustee. Section 9 directs as to the mode of service. The remainder of the chapter relates almost exclusively to the proceedings necessary to a judgment against, or a discharge of, the trustee. This chapter does not in terms declare that there shall be a judgment against the principal defendant, but the theory of the whole proceeding is, that there is to be a judgment against him. As that branch of the proceedings that relates to the trustee, operates simply as an attachment of the property of the defendant in the hands of the trustee, to respond the judgment against the principal defendant, of course, if there is no judgment against him, the trustee must be discharged, just as the property of every debtor is discharged from attachment if the plaintiff fails to obtain a judgment against him in the suit in which the property is attached. The mode of proceeding to obtain a judgment against the principal debtor not having been particularly pointed out by the trustee act, that branch of the case is necessarily left to be governed by the general law, and the plaintiff must proceed to obtain his judgment and execution just as he would have to proceed if there was no trustee in the case. If the defendant was out of the state at the time

Allen *v.* Seaver.

the suit was commenced, and the plaintiff takes a judgment against him by default and without notice, he must enter into a recognizance as required by the statute, and the defendant is entitled to his writ of review. No good reason, we apprehend, can be given why this requirement of the statute should not apply in suits commenced by the trustee process, as well as in all others. The language of the statute is certainly broad enough to embrace them, and we think was clearly intended to do so.

But it is insisted that suits brought by a collector according to the provisions of the statute to collect a tax by means of the trustee process, do not come within the provisions of the act giving the writ of review.

By the 34th section of chapter 84 of the General Statutes, it is enacted that " whenever any person not a resident of this state shall be delinquent in the payment of any tax legally assessed against him in this state, and shall not have known personal property in this state sufficient to satisfy such tax, the collector of such tax may, in his own discretion and in his own name, commence a suit founded upon such tax, against such delinquent person, and may summon any person as trustee of such delinquent person, and the same service upon the process shall be made and the same proceedings and judgment had as is now provided by law in the case of trustee suits." This act allows the collector of taxes to commence a suit against a delinquent and non resident tax payer, based upon the tax, and to summon any person as trustee, and that in prosecuting the suit the same proceedings and judgment are to be had as in other trustee suits. That is, the collector must first obtain a judgment against the principal defendant before he can take one against the trustee. After having obtained his judgment, the plaintiff, before he is entitled to an execution (if he took his judgment by default and without notice), must enter into a recognizance as required by the statute in other cases, and the defendant will be entitled to his writ of review if he chooses to commence such a proceeding within three years after the rendition of such judgment. These proceedings are what, we have already seen, are to be had in other trustee cases, and by the terms of the act are to be followed in cases of this kind.

In this case the defendant, Seaver, brought his suit upon the tax,

obtained a judgment against the plaintiff, Allen, for the amount of the tax and collected the whole of the trustee. Now what remedy, and what security, has Allen, provided the judgment against him was erroneous, as it appears to have been? Suppose the tax had, in fact, been paid by Allen before he left the state, Seaver has done no act for which trespass or trover will lie. He has got so much money in his hands that belongs to Allen; he obtained it under a judgment of court. How far Allen might be embarrassed by those judgments, in an action of assumpsit to recover the money, it is not necessary now to determine. If he obtained a judgment, the only security he would have would be the personal responsibility of Seaver. We think the legislature did not intend to leave the party with no better remedy than such an one might often prove.

The security furnished by the recognizance and remedy by the writ of review is what the legislature obviously intended to provide in cases of this kind, as well as in all others of a like character.

The rights of the parties in proceedings under this statute, are not affected by the nature of the obligation resting upon the tax payer, or the character of the claim the collector has upon him for the tax. The statute having given the collector a right to bring an action therefor by the trustee process, if he exercises that right he must do it subject to all the liabilities and incidents that attach to the same mode of proceeding in other cases.

The fact that the plaintiff in this suit has not alleged that a judgment was obtained against the trustee, furnishes no ground for dismissing the suit. This proceeding is not instituted to review the judgment against the trustee, and that judgment is not affected by the result of this suit, inasmuch as it has been paid by the trustee to this defendant. The effect of such payment is that the original judgment against this plaintiff, Allen, is affirmed, and then the original cause of action is investigated the same as though there had been no judgment upon it; and if it appears that such judgment was erroneous, in whole or in part, this plaintiff recovers a judgment against the defendant for the amount which the defendant has collected that the plaintiff ought not to pay.

The judgment of the county court is affirmed.